UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NET-INSPECT, LLC,

                    Plaintiff,

          v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

                    Defendant.

CASE NO. C14-1514JLR

ORDER GRANTING MOTION
TO DISMISS

## I.   INTRODUCTION

Before the court is Defendant United States Citizenship and Immigration Services ("USCIS") motion to dismiss for lack of subject matter jurisdiction.  (*See* Mot. (Dkt. # 18).)  This case arises from USCIS's denial of Plaintiff Net-Inspect, LLC's ("Net-Inspect") H-1B petition for one of Net-Inspect's employees, a software developer. Having considered the submissions of the parties, the balance of the record, and the

ORDER- 1

relevant law, and deeming oral argument unnecessary,[1] the court GRANTS USCIS's

motion to dismiss and DISMISSES Net-Inspect's complaint WITHOUT PREJUDICE.

## II.   BACKGROUND

The H-1B visa program permits employers to temporarily employ foreign,

nonimmigrant workers in specialty occupations. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b).  As

relevant to this case, USCIS's analysis of H-1B petitions requires adjudication of two

requirements:  First, whether the petitioning employer has a position for which it requires

at least a bachelor's degree in a specified field; and, second, whether the beneficiary of

the petition possesses such a degree or experience equivalent to that degree.  8 U.S.C.

§ 1184(i); 8 C.F.R. § 214.2(h)(4)(iii).

Net-Inspect provides web-based quality assurance systems for aerospace industry

companies such as Boeing.  (Compl. (Dkt. # 1) ¶ 4.)  In April, 2014, Net-Inspect filed an

H-1B petition for Nonimmigrant Worker on behalf of Chiao-Yun (Tina) Chen, a citizen

of Taiwan, seeking to classify her as a temporary "specialty occupation" worker under 8

U.S.C. § 1101(a)(15)(H)(i)(b).  (Compl. ¶ 5; Pet. (Dkt. # 15-1).)  Ms. Chen graduated

from the University of Washington in 2013 with a Bachelor of Arts degree in Business

---

[1] The court denies Net-Inspect's request for oral argument.  *See* Fed. R. Civ. P. 78; Local Rules
W.D. Wash. LCR 7(b)(4).  "When a party has had an adequate opportunity to provide the trial court with
evidence and a memorandum of law, there is no prejudice in refusing to grant oral argument." *Partridge
v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac.
Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (internal punctuation omitted).  "In other words, a
district court can decide the issue without oral argument if the parties can submit their papers to the
court." *Id.*  Here, the issues have been thoroughly briefed by the parties and oral argument would not be
of assistance to the court.  Accordingly, the court will not hold oral argument.  *See Carpinteria Valley
Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 832 (9th Cir. 2003) (holding that a district court's
decision not to hold oral argument on a motion to dismiss was not an abuse of discretion); *Morrow v.
Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971) (same).

1  Administration with concentrations in Information Systems and Marketing.  (Compl. ¶ 5;

2  Pet. at 30.)  Net-Inspect sought to hire her in the position of software developer.  (Compl.

3  ¶¶ 5, 9; Pet. at 30.)

4          USCIS responded with a Request for Evidence, which requested additional

5  evidence of eligibility for approval of the H-1B petition.  (Compl. ¶ 11; Butler Decl.

6  (Dkt. # 15) Ex. B ("2d RFE").)  Accordingly, Net-Inspect provided additional

7  information supporting its contention that the degree Ms. Chen possesses qualifies her for

8  the position's duties.  (*See* Compl. ¶ 12; Resp. to 2d RFE (Dkt. # 15-3).)  In August,

9  2014, USCIS denied the H-1B petition on the basis that Ms. Chen was "not qualified for

10  classification as a specialty occupation worker."  (Compl. ¶ 13; Butler Decl. Ex. F ("Not.

11  of Dec.") at 4.)

12          On September 30, 2014, Net-Inspect filed this action challenging USCIS's denial

13  of its H-1B petition.  (*See generally* Compl.)  On October 30, 2014, USCIS reopened

14  Net-Inspect's H-1B petition and issued the company another RFE.  (Butler Decl. Ex. G

15  ("3d RFE").)  USCIS stated:  "After a review of the record, USCIS identified additional

16  issues that were not address in the May 8, 2014 RFE and August 8, 2014 decision.

17  Therefore, USCIS has sua sponte reopened the petition and has issued this RFE to allow

18  you and opportunity to supplement the record of proceeding prior to USCIS making a

19  final decision on the Form I-129 [petition]."  (*Id.* at 2.)  The RFE, which set a deadline of

20  January 22, 2015, requested additional information regarding both whether the proffered

21  position is a specialty occupation and Ms. Chen's qualifications for the position.  (*See*

22  *generally* 3d RFE.)

ORDER- 3

1    USCIS offered to stipulate to a stay of this action until adjudication of the

2    reopened petition was complete.  (Butler Decl. Ex. H ("10/31/14 Email").)  Net-Inspect,

3    however, took the stance that the third RFE was improper, unnecessary, and overbroad,

4    and therefore declined to agree to a stay.  (*See generally* Resp. (Dkt. # 24).)  Instead, in

5    November 2014, Net-Inspect filed a motion for summary judgment, arguing that USCIS'

6    initial denial of the H-1B petition was arbitrary and capricious because it overlooked Ms.

7    Chen's specialization in Information Systems.  (*See* MSJ (Dkt. # 12).)  A few weeks

8    later, USCIS filed a motion to dismiss this action for lack of subject matter jurisdiction

9    because the challenged agency proceeding was not yet final.  (*See* Mot.)

10    On January 21, 2015, Net-Inspect submitted to USCIS its response to the RFE.

11    (Not. of Admin. Filing (Dkt. # 29).)  Net-Inspect addressed each of the issues raised in

12    the RFE, but maintained its stance that all required evidence had already been submitted.

13    (Resp. to 3d RFE (Dkt. # 29-1).)  USCIS's motion to dismiss is now before the court.

## III.    ANALYSIS

### A.    Rule 12(1) Standard

16    Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the

17    plaintiff's jurisdictional allegations in one of two ways:  (1) a "facial" attack that accepts

18    the truth of the plaintiff's allegations but asserts that they are insufficient on their face to

19    invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the

20    plaintiff's factual allegations, usually by introducing evidence outside the pleadings.

21    *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *see also Safe Air for*

22    *Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); Fed. R. Civ. P. 12(b)(1).  When

1   a party raises a facial attack, the court resolves the motion as it would under Rule

2   12(b)(6)—accepting all reasonable inferences in the plaintiff's favor and determining

3   whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.

4   *Id.* at 1122.  When a party raises a factual attack, the court applies the same evidentiary

5   standard as it would in the context of a motion for summary judgment.  *Id.*  Summary

6   judgment is appropriate if the evidence, when viewed in the light most favorable to the

7   non-moving party, demonstrates "that there is no genuine dispute as to any material fact

8   and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see*

9   *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.,* 477 F.3d 652,

10  658 (9th Cir. 2007).

11          Here, USCIS relies on evidence outside the pleadings—namely, the third RFE

12  issued to Net-Inspect when USCIS re-opened the H-1B petition—in order to contest

13  subject matter jurisdiction.  (*See* Mot. at 3; 3d RFE.)  As such, the summary judgment

14  standard applies, and Net-Inspect bears the burden of proving by a preponderance of the

15  evidence that each of the requirements for subject-matter jurisdiction has been met.

16  *Leite*, 749 F.3d at 1122.

17  **B.      Finality**

18          Net-Inspect brings this action under the Administrative Procedures Act ("APA"),

19  5 U.S.C. § 701, *et seq*.  (Compl. ¶ 2.).  "Under the APA, agency action is subject to

20  judicial review only when it is either:  (1) made reviewable by statute; or (2) a 'final'

21  action 'for which there is no other adequate remedy in a court.'"  *Cabaccang v. U.S.*

22  *Citizenship & Immigration Servs.*, 627 F.3d 1313, 1315 (9th Cir. 2010) (quoting 5 U.S.C.

1 § 704)).  Net-Inspect does not identify any statute providing for judicial review of

2 USCIS's actions in this case.  (*See generally* Resp.; Compl.)  Therefore, judicial review

3 under the APA is only available if Net-Inspect has challenged a final agency action.  *Or.*

4 *Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006); *see also*

5 *Ukiah Valley Med. Ctr. v. Fed. Trade Comm'n,* 911 F.2d 261, 264 n.1 (9th Cir. 1990);

6 *Cabaccang*, 627 F.3d at 1315.

7      For an agency action to be final, the action must (1) "mark the consummation of

8 the agency's decisionmaking process" and (2) "be one by which rights or obligations

9 have been determined, or from which legal consequences will flow."  *Or. Natural Desert*

10 *Ass'n*, 465 F.3d at 982 (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).  "'[T]he

11 core question is whether the agency has completed its decisionmaking process, and

12 whether the result of that process is one that will directly affect the parties.'"  *Id.* (quoting

13 *Indus. Customers of NW Utils. v. Bonneville Power Admin.,* 408 F.3d 638, 646 (9th Cir.

14 2005).)  Accordingly, the Ninth Circuit has held that "a motion for reconsideration, an

15 appeal to a superior agency authority, or an intra-agency appeal to an administrative law

16 judge (ALJ) all render an agency decision nonfinal."  *Cabaccang*, 627 F.3d at 1315.

17      Under the first prong of the finality test, a court looks to "see whether the agency

18 'has rendered its last word on the matter.'"  *Or. Natural Desert Ass'n*, 465 F.3d at 984

19 (quoting *Bennett*, 520 U.S. at 178).  The action "'must not be of a merely tentative or

20 interlocutory nature.'"  *Id.* (quoting *Bennett*, 520 U.S. at 178).  Instead, the fact that "[n]o

21 further decisionmaking on [an] issue can be expected . . . [is] a clear indication that the

22

1  first prong of the . . . finality test is satisfied." *Fairbanks N. Star Borough v. U.S. Army*

2  *Corps of Engineers*, 543 F.3d 586, 593 (9th Cir. 2008).

3  There are several avenues for meeting the second prong of the finality test. *Or.*

4  *Natural Desert Ass'n*, 465 F.3d at 984. "The general rule is that administrative orders are

5  not final and reviewable 'unless and until they impose an obligation, deny a right, or fix

6  *some* legal relationship as a consummation of the administrative process.'" *Id.* (quoting

7  *Ukiah Valley Med. Ctr.,* 911 F.2d at 264). However, if the first prong of the finality test

8  is not met, a court need not reach the second prong. *See id.* (quoting *Bennett*, 520 U.S. at

9  178).

10  "[F]inality is a jurisdictional requirement to obtaining judicial review under the

11  APA." *Fairbanks N. Star Borough*, 543 F.3d at 591; *see also Rattlesnake Coal. v. U.S.*

12  *E.P.A.*, 509 F.3d 1095, 1104-05 (9th Cir. 2007). Therefore, if the agency action that Net-

13  Inspect challenges is not final, the court must dismiss the case for lack of subject matter

14  jurisdiction. *See Americopters, LLC v. F.A.A.*, 441 F.3d 726, 735 (9th Cir. 2006) ("[I]f an

15  [agency] order is not final, neither we nor the district court have jurisdiction over the

16  case."); *Fairbanks N. Star Borough*, 543 F.3d at 591 ("Because finality is a jurisdictional

17  requirement to obtaining judicial review under the APA, the district court correctly

18  dismissed [the plaintiff's] action.")

19  **C.   Application to Net-Inspect's Claims**

20  For the following reasons, the court finds that USCIS's reopening of Net-Inspect's

21  H-1B petition renders the agency's previous denial of the petition non-final.

22

1    First, once an H-B1 petition is reopened, USCIS has the opportunity and authority

2  to reconsider its previous decision, reach a different or the same conclusion, and

3  eventually finalize its decision.  *See* 8 C.F.R. 103.5(a)(5).  As such, now that Net-

4  Inspect's petition has been reopened, USCIS's previous denial of Net-Inspect's position

5  is not the agency's "last word on the matter."  *See Or. Natural Desert Ass'n*, 465 F.3d at

6  984 (quoting *Bennett*, 520 U.S. at 178).  To the contrary, further decisionmaking can be

7  expected.  *See Fairbanks N. Star Borough*, 543 F.3d at 593.  Therefore, USCIS's initial

8  denial does not represent the consummation of the agency's decisionmaking process

9  regarding the petition, and the challenged agency action is non-final.  *Or. Natural Desert*

10  *Ass'n*, 465 F.3d at 984.  Because the first prong of the finality test is not met, the court

11  does not reach the second prong. [2]  *Id.*

12    Second, courts in the Ninth Circuit have consistently concluded that pending,

13  reopened agency decisions are non-final.  Specifically, the district court for the Northern

14  District of California recently addressed an identical situation:  after a plaintiff filed an

15  action challenging the denial of its H-1B petition, USCIS sua sponte reopened the

16  petition and issued a new RFE.  *True Capital Mgmt., LLC v. U.S. Dep't of Homeland*

17  *Sec.*, No. 13-261 JSC, 2013 WL 3157904, at *1 (N.D. Cal. June 20, 2013).  After

18  surveying Ninth Circuit caselaw regarding finality in immigration proceedings, the

19

20    [2] To the extent that Net-Inspect contends it is also challenging USCIS's decision to reopen the
petition and issue a third RFE as arbitrary and capricious (*see* Resp. at 21), this contention does not help

21  Net-Inspect obtain subject matter jurisdiction.  Not only is such a challenge not pleaded in Net-Inspect's
complaint, but the agency's decisions to reopen the petition and request more information do not meet the
second prong of the finality test:  they determine no legal rights or obligations and cause  no other legal

22  consequences.  *See Or. Natural Desert Ass'n*, 465 F.3d at 984 (quoting *Bennett*, 520 U.S. at 178).

1  Northern District of California "conclude[d] that the . . . Request for Additional Evidence

2  renders [the agency's] decision non-final and therefore not subject to review under the

3  APA." *Id.* at *4; *see also id.* at *3 (concluding that "USCIS's reopening of Plaintiff's H-

4  1B petition renders [the agency's] prior denial not the 'final administrative work' in this

5  matter.") (quoting *Acura of Bellevue v. Reich,* 90 F.3d 1403, 1408 (9th Cir. 1996)).

6      Similarly, although the Ninth Circuit has not yet addressed the finality of

7  reopened H-1B petitions, in *Bhasin v. United States Department of Homeland Security*

8  the Ninth Circuit considered the analogous question of whether USCIS's sua sponte

9  reopening of a plaintiff's I–130 visa petition[3] renders its prior order denying the petition

10  non-final. *See* 413 F. App'x 983, 985 (9th Cir. 2011).  The Ninth Circuit held that in

11  such circumstances "the denial is not a 'final agency action' under 5 U.S.C. § 704 and is

12  not subject to judicial review under the Administrative Procedure Act."[4]  *Bhasin*, 413 F.

13  App'x at 985 (citing *Bennett*, 520 U.S. at 177-78).  Both *True Capital Management* and

14  *Bhasin* support a finding of non-finality in this case.

15      Third, a finding of non-finality comports with sound policy.  *See Acura of*

16  *Bellevue v. Reich*, 90 F.3d 1403, 1408-09 (9th Cir. 1996).  "Having two government

17  bodies simultaneously review an agency action wastes scarce governmental resources."

18  _____

19      [3] A Form I-130 Petition for Alien Relative is submitted by a family member seeking to establish a

20  familial relationship with a non-U.S. citizen and indicating an intention to help that person immigrate to
   the United States.  *See generally* 8 U.S.C. § 1154(a)(1)(A)(i); *Ching v. Mayorkas*, 725 F.3d 1149, 1153
   (9th Cir. 2013).

21      [4] Further, it is well established that the Board of Immigration Appeals' sua sponte reopening of

22  removal  proceedings divests the reviewing court of jurisdiction.  *See Saavedra-Figueroa v. Holder,* 625
   F.3d 621, 624 (9th Cir. 2010); *Cordes v. Mukasey,* 517 F.3d 1094, 1095 (9th Cir. 2008).

1    *Id.*  "Further, simultaneous review poses the possibility that an agency authority and a

2    court would issue conflicting rulings."  *Id.*  Finally, "[a]llowing judicial review in the

3    middle of the agency review process unjustifiably interferes with the agency's right to

4    consider and possibly change its position during its administrative proceedings."  *Id.*

5         For all of these reasons, the court finds that USCIS's initial denial of Net-

6    Inspect's petition is not final, and therefore cannot be challenged under the APA at this

7    time.  *See Fairbanks N. Star Borough*, 543 F.3d at 591.  Therefore, Net-Inspect's action

8    must be dismissed for lack of subject matter jurisdiction.[5]  *See id.*; *Rattlesnake Coal.*, 509

9    F.3d at 1104-05.

10   **1.  Net-Inspect's arguments**

11        Net-Inspect raises several alternative arguments as to why the court should find

12   subject matter jurisdiction.  (*See generally* Resp.)  None of these arguments is

13   persuasive.[6]

14        First, Net-Inspect argues that USCIS is not permitted to sua sponte reopen a

15   petition in the manner in which it reopened Net-Inspect's petition.  (Resp. at 17-19.)

16   Contrary to Net-Inspect's contention, USCIS's regulations permit the agency to reopen

17   _____

18        [5] Because the court finds that the case should be dismissed for a lack of subject matter
     jurisdiction, the court does not consider USCIS's arguments regarding the requirement to exhaust

19   administrative remedies.  (*See* Mot. at 8.)

20        [6] As a preliminary matter, the court addresses Net-Inspect's motion to strike.  Net-Inspect filed a
     surreply pointing out that USCIS addressed certain caselaw in its reply brief for the first time.  (Surreply

21   (Dkt. # 28).)  A court should not consider new arguments or evidence submitted in a reply brief without
     giving the opposing party an opportunity to respond.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.
     1996).  Here, Net-Inspect's surreply fully addressed the substantive merits of the new material raised in

22   USCIS's reply.  (*See* Surreply.)  Because Net-Inspect had an opportunity to respond to the new material,
     the court DENIES Net-Inspect's motion to strike.

ORDER- 10

1    and reconsider petitions both on its own motion and on motions by affected parties.  8

2    C.F.R. § 103.5(a) (1), (5).  Additionally, Net-Inspect's contentions that USCIS is not

3    permitted to reopen a petition in order to collect more evidence, and that USCIS is not

4    permitted to reopen a petition in order to render a second unfavorable decision (Resp. at

5    17-19), are both belied by the plain language of the agency's regulations.  *See* 8 C.F.R.

6    § 103.2(b)(8)(iii) (stating that if the initial evidence submitted does not establish

7    eligibility, the USCIS may "request more information or evidence from the application or

8    petitioner, to be submitted within a specified period of time as determined by USCIS"); 8

9    C.F.R. §103.5(a)(5) (permitting the agency to reopen a petition "in order to make a new

10   decision favorable to the affected party" as well as when "the new decision may be

11   unfavorable to the affected party"); *True Capital Mgmt., LLC*, 2013 WL 3157904, at *3

12   ("Section 103.5(a) (5) . . . does not preclude Defendants from asking for additional

13   evidence before deciding whether to change course and grant a petition . . . .").

14        Similarly, Net-Inspect's contention that USCIS is not permitted to sua sponte

15   reopen a petition after a lawsuit concerning the petition has been filed is belied by Ninth

16   Circuit caselaw such as *True Capital Management,* 2013 WL 3157904, at *1, and *Bhasin*,

17   413 F. App'x at 985.  Finally, Net-Inspect's complaints that the RFE is overbroad or

18   procedurally improper do not bestow subject matter jurisdiction on an otherwise non-

19   final agency action, and, as such, are more appropriately raised in the context of a timely

20   challenge to USCIS's final decision.  For all of these reasons, Net-Inspect's challenge to

21   USCIS's authority to reopen Net-Inspect's H-1B petition fails.

22

ORDER- 11

1    Second, Net-Inspect argues that jurisdiction should be assessed as of the time the

2    complaint was filed, not on the basis of later-arising events.  (Resp. at 11-13.)  In support

3    of this argument, Net-Inspect relies only on *Grupo Dataflux v. Atlas Global Group, L.P.*,

4    which established that the time-of-filing rule applies to determine citizenship for the

5    purposes of diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Resp. at 13 (quoting 541

6    U.S. 567, 574, 580-81 (2004)).  Net-Inspect, however, provides no Ninth Circuit

7    authority suggesting that this rule should be extended to the context of administrative

8    finality.  In fact, the Ninth Circuit has previously rejected a similar argument.  *See*

9    *Cabaccang*, 627 F.3d at 1317.

10   In *Cabbacang*, the plaintiffs argued that jurisdiction should be judged as of the

11   time their complaint against USCIS was filed, notwithstanding the subsequent initiation

12   of removal proceedings.  *See* 627 F.3d at 1317.  After finding that the removal

13   proceedings rendered the challenged USCIS decision non-final, the Ninth Circuit held:

14          [A]lthough jurisdiction is usually determined from the filing of the relevant
             complaint, after-arising events can defeat jurisdiction by negating the
15           ripeness of a claim.  *See Hose v. INS,* 180 F.3d 992, 996 (9th Cir. 1999).
             Such is the case here.  Regardless of whether the [plaintiffs'] removal
16           proceedings began before this action, the pendency of removal proceedings
             now means their claims are not ripe for judicial review.  *See Wolfson v.*
17           *Brammer,* 616 F.3d 1045, 1057 (9th Cir. 2010). . . . To hold otherwise
             would allow plaintiffs to confer jurisdiction on the federal courts simply by
18           racing to the courthouse before the government initiates removal
             proceedings.  Because the district court lacked jurisdiction, we do not reach
19           the [plaintiffs'] APA claim on the merits.

20   *See id.*  That same reasoning applies here.

21   Third, Net-Inspect contends that USCIS should not be permitted to reopen the

22   petition because USCIS is "manipulating" the proceedings in order to "divest" the court

1    of jurisdiction.  (Resp. at 6-9.)  The reopening, however, does not "divest" the court of

2    jurisdiction over Net-Inspect's petition because as soon as USCIS renders its final

3    decision, that decision will be reviewable under the APA.  At best, therefore, the

4    reopening merely delays judicial review of Net-Inspect's petition.

5         Moreover, there is no indication that USCIS is attempting to shield its final

6    decision from judicial review.  To the contrary, USCIS offered to stipulate to a stay of

7    this action pending adjudication of the reopened petition.  (10/31/14 Email (proposing a

8    stay that would expire at the same time the agency rendered its decision on the reopened

9    petition, and agreeing that Net-Inspect could amend its complaint to challenge the new

10   decision, if desired).)  USCIS did not move to dismiss the action until after Net-Inspect

11   rejected its offer to stipulate and instead filed a motion for summary judgment.  (*See id.*;

12   MSJ; Mot.)  Net-Inspect's suggestion that USCIS reopened the petition with the ulterior

13   motive of sending the petition to the Administrative Appeals Office ("AAO") in order to

14   delay judicial review even longer (Resp. at 9, 13-15) appears to be based wholly on

15   speculation.  Therefore, the court concludes that USCIS's alleged motive in reopening the

16   H-1B petition is not a basis for finding subject matter jurisdiction.[7]

17        It is, however, conceivable that an agency could continue reopening a decision in

18   order to avoid judicial review.

19

20   _____

21       [7] It is, of course, conceivable that an agency could attempt to avoid judicial review under the
     APA by repeatedly reopening a challenged decision.  If presented with evidence of such an attempt, the
22   court's ruling on this issue might very well be different.  However, because there is no evidence of delay
     in this case, the court declines to address that hypothetical situation.

1     Fourth, Net-Inspect argues that an agency is not entitled to deference regarding its

2   assessment of whether an action is final under the APA.  (Resp. at 9-11 (quoting

3   *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 920 (9th Cir. 2013) ("It is well-

4   established that the Agency's position on our jurisdiction is not entitled to deference.")

5   (internal punctuation omitted).)  This argument is beside the point.  USCIS did not ask

6   the court to defer to any of its arguments (*see generally* Mot.; Reply (Dkt. #25)), and the

7   court has not done so.  The court has merely applied the Ninth Circuit's test for finality to

8   to the facts of this case.  *See supra* § III.C.

9     Fifth, Net-Inspect argues that the APA's finality requirement is not jurisdictional,

10   and therefore cannot form the basis for a motion to dismiss for lack of subject matter

11   jurisdiction.  (Resp. at 24.)  Net-Inspect is correct that some courts have questioned

12   whether the APA's finality requirement should be viewed as a jurisdictional requirement.

13   *See, e.g. Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 830 (9th Cir. 2002) (stating

14   that finality does not implicate subject matter jurisdiction because "28 U.S.C. § 1331,

15   rather than the APA, confers jurisdiction on federal courts to review agency action");

16   *Singh v. U.S. Citizenship & Immigration Servs.*, No. C13-223RAJ, 2014 WL 34364, at *2

17   (W.D. Wash. Jan. 6, 2014) (declining to decide the issue).  However, as recently as 2008

18   the Ninth Circuit has reaffirmed that "finality is a jurisdictional requirement to obtaining

19   judicial review under the APA."  *Fairbanks N. Star Borough*, 543 F.3d at 591; *see also*

20   *Rattlesnake Coal.*, 509 F.3d at 1104-05 ("Before final agency action has occurred, . . . a

21   federal court lacks subject matter jurisdiction to hear the claim.").  Absent more recent

22   Ninth Circuit authority supporting Net-Inspect's position, the court relies on *Fairbanks*

1    and *Rattlesnake Coalition* to find that the finality requirement implicates subject matter

2    jurisdiction.

3         In the alternative, even if the finality requirement does not implicate subject matter

4    jurisdiction, it nonetheless remains a prerequisite to a suit under the APA.  *See* 5 U.S.C.

5    § 704.  In that situation, Net-Inspect's complaint would still properly be dismissed for

6    failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  As such, Net-Inspect's arguments

7    regarding the jurisdictional aspects of finality would not save Net-Inspect's complaint

8    from dismissal.

9         In sum, because Net-Inspect does not show that USCIS's action constitutes a final

10   agency action, and because Net-Inspect does not successfully raise any other reason for

11   finding subject matter jurisdiction, Net-Inspect's complaint under the APA must be

12   dismissed.  *See Fairbanks N. Star Borough*, 543 F.3d at 591; *Rattlesnake Coal.*, 509 F.3d

13   at 1104-05.

14        **2.  Leave to amend**

15        "In general, a court should liberally allow a party to amend its pleading."  *Sonoma*

16   *Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013);

17   *see Fed.* R. Civ. P. 15(a).  Dismissal without leave to amend is proper, however, if any

18   amendment would be futile.  *Id.* ("[D]ismissal without leave to amend is improper unless

19   it is clear . . . that the complaint could not be saved by any amendment.").

20        It is clear that, at this time, Net-Inspect's complaint cannot be saved by any

21   amendment.  *See Robinson v. Geithner*, 359 F. App'x 726, 728-30 (9th Cir. 2009)

22   (finding that leave to amend would be futile because no amendment could cure the fact

ORDER- 15

1    that the plaintiff had not exhausted administrative remedies).  The jurisdictional defect

2    here results not from inadequate factual allegations, but rather from the very nature of

3    Plaintiff's challenge:  Because USCIS has not issued a final decision on Net-Inspect's H-

4    1B petition, the court does not have subject matter jurisdiction over Net-Inspect's APA

5    claim.  *See Darcuiel v. Turning Point*, No. 1:14-CV-01221-BAM-HC, 2014 WL

6    5500992, at *4 (E.D. Cal. Oct. 30, 2014) ("[B]ecause the dismissal results not from

7    inadequate factual allegations but rather from the nature of [the petitioner's] challenge as

8    not cognizable in this proceeding, granting leave to amend would be futile."); *Morongo*

9    *Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-81

10   (9th Cir. 1988) (stating that leave to amend "provides a remedy for defective *allegations*

11   only; it does not provide a remedy for defective jurisdiction itself.").  Net-Inspect's APA

12   claim is not currently cognizable in this proceeding, and Net-Inspect has not alerted the

13   court to any other claim or basis of subject matter jurisdiction that it could assert.

14          Although USCIS's final decision on the H-1B petition may be forthcoming

15   soon, it would be improper for the court to continue exercising jurisdiction over Net-

16   Inspect's action until such time as subject matter jurisdiction was in fact created.

17   "Although leave to amend should be freely granted, a plaintiff cannot create jurisdiction

18   by amendment where jurisdiction did not exist at the outset of a case."  *Sepehry-Fard v.*

19   *Countrywide Home Loans. Inc.*, No. 13-CV-05769-BLF, 2014 WL 2707738, at *5 (N.D.

20   Cal. June 13, 2014); *see also Morongo Band of Mission Indians*, 858 F.2d at 1380-81 ("If

21   jurisdiction was lacking, then the court's various orders, including that granting leave to

22   amend the complaint, were nullities.").  Therefore, the court dismisses Net-Inspect's

1   claim without leave to amend.  The court also, however, dismisses Net-Inspect's without

2   prejudice, so that Net-Inspect may re-file its suit upon USCIS's final decision, if desired.

3                           **IV.    CONCLUSION**

4          For the foregoing reasons, the court GRANTS Defendant's motion to dismiss

5   (Dkt. # 18) and DISMISSES Plaintiff's action WITHOUT PREJUDICE.  In addition, the

6   court STRIKES Plaintiff's motion for summary judgment (Dkt. # 12) as moot.

7          Dated this 28th day of February, 2015.

8

9

10  _____

11  JAMES L. ROBART
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER- 17